IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DANIEL SALINAS,

     Plaintiff,

v.                                                   No. Civ. 14-329 LH/GBW

NEW MEXICO STATE POLICE DEPARTMENT,
PAUL ROBLES, and
AMY ORLANDO,

     Defendants.

MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants New Mexico State Police Department, Paul Robles, and Amy Orlando's Motion to Dismiss. (ECF No. 8) The Court, having considered the motion and the applicable law, concludes that the motion is well-taken and shall be granted.  Accordingly, Plaintiff Daniel Salinas's complaint is dismissed in its entirety with prejudice.

## I.     BACKGROUND

On April 6, 2012, a criminal complaint was filed in state district court against Plaintiff accusing him of committing fraud against the City of Sunland Park in his official capacity as mayor pro tem.  (Pl.'s Compl., ECF No. 1)  The caption for the criminal complaint included Plaintiff's date of birth, social security number, and physical address.  (*Id.* at 2)  Pursuant to the criminal complaint and accompanying arrest warrant affidavit, New Mexico State Police Officer Paul Robles arrested Plaintiff at his residence.  (*Id.* at 3)  News media was allegedly present at the time of Plaintiff's arrest, and an article was later published online that included the criminal

1

complaint and arrest warrant.  (*Id.*) Plaintiff's social security number was not redacted from the criminal complaint published by the local news.  (*Id.*)

Plaintiff has brought this federal lawsuit for violations of the Privacy Act of 1974, 5 U.S.C. § 552a (2010), due to the dissemination of allegedly protected information in the criminal complaint and arrest warrant.  Plaintiff asserts federal question jurisdiction.  (Pl.'s Compl. 2) Plaintiff's complaint names as Defendants the New Mexico State Police Department, Paul Robles individually and in his official capacity as a state police officer, and Amy Orlando individually and in her official capacity as district attorney for Doña Ana County, New Mexico. (*Id.*)  Plaintiff's first cause of action alleges a violation of "[S]ection (g)(1)(D)[1] of the Privacy Act" for the New Mexico State Police Department's failure "to secure written authorization from Plaintiff" prior to disseminating "information protected by the Privacy Act," including "Plaintiff's social security number."  (*Id.* at 4) Plaintiff's second cause of action alleges a violation of "5 U.S.C. § 552a(e)(6)"[2] for the New Mexico State Police Department's failure to "make reasonable efforts to ensure that the information and records were accurate, complete, timely, and relevant for agency purposes."  (*Id.*)  Plaintiff also alleges a violation of "5 U.S.C. § 552a(e)(10)"[3] for the New Mexico State Police Department's failure to "establish appropriate

---

[1] This section of the Privacy Act sets forth that "whenever any agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction . . . ."

[2] 5 U.S.C. § 552a(e)(6) provides that "each agency that maintains a system of records shall—

> prior to disseminating any record about an individual to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes;"

[3] 5 U.S.C. § 552a(e)(10) provides that "each agency that maintains a system of records shall—

administrative, technical and physical safeguards to insure the security and confidentiality of records . . . ."  (*Id.*)  Plaintiff further claims that Defendant Officer Robles and Defendant Orlando knew or should have known their actions were in violation of the Privacy Act, and that they acted intentionally or willfully in violating Plaintiff's privacy rights.  (*Id.* at 5)

## II.     STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the Court "accept[s] the well-pled factual allegations in the complaint as true, resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal citations and quotation marks omitted).

## III.    ANALYSIS

Defendants have filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that Plaintiff has failed to state a claim under the Privacy Act because the Act applies only to federal agencies and not to state agencies, state employees, or private individuals. (Defs.' Mot. Dismiss, ECF No. 8)  Defendants argue that Plaintiff is not entitled to relief under the Privacy Act because Defendant New Mexico State Police Department is a state agency, and

---

establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained;"

Defendants Robles and Orlando are being sued in their role as state employees or in their individual capacities.  The Court agrees that dismissal of this action is appropriate under Rule 12(b)(6) for the reasons set forth below.

The provisions of the Privacy Act apply to an "agency" as that term is defined under the Act. *See generally* 5 U.S.C. § 552a(b) - 552a(g).  Section 552a(a)(1) of the Act defines the term agency by reference to 5 U.S.C. § 552(e), which provides that an agency "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f).  The term agency, as used in the Privacy Act, has consistently been held to refer only to agencies of the federal government.  *See United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) (stating that "[t]he Federal Privacy Act does not apply to state agencies"); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2nd Cir. 2008) ("This Court, joining many of its sister Circuits, has accordingly held that the private right of civil action created by the Privacy Act is specifically limited to actions against agencies of the United States government"); *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005) (holding that "the Privacy Act applies exclusively to federal agencies"); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The civil remedy provisions of the [Privacy Act] do not apply against private individuals, state agencies, private entities, or state and local officials.") (internal citations omitted).  While it appears that the Tenth Circuit Court of Appeals has not ruled directly on this issue, the Court observes that this district as well as other district courts within the Tenth Circuit have held that the Privacy Act applies only to federal agencies.  *See Kerns v. Bd. of Comm'rs of Bernallillo Cnty.*, 707 F. Supp. 2d 1190, 1258-59 (D.N.M. 2010) (holding that the plaintiff could not maintain an action under the

4

Privacy Act against the Bernalillo County Sheriff's Department, a local entity, because the Privacy Act applies only to agencies of the federal government) (overruled on other grounds); *see also Payne v. Equal Emp't Opportunity Comm'n et al.*, Memorandum Opinion and Order (ECF No. 51), Civ. No. 99-2270 LFG/KBM (stating that the Privacy Act is directed at federal agencies and consequently dismissing a complaint that raised Privacy Act claims against numerous individuals as well as a private corporation that worked in conjunction with a federal agency and received federal funding); *see also Connolly v. Beckett*, 863 F. Supp. 1379, 1383 (D. Colo. 1994) (stating that the Privacy Act does not apply to state agencies or bodies); *see also Shields v. Shetler*, 682 F. Supp. 1172, 1176 (D. Colo. 1988) (same).

The Court is persuaded by the foregoing authority that the Privacy Act does not provide for an independent cause of action against a state agency.  Plaintiff argues, however, that the parties should be permitted to engage in discovery to ascertain whether Defendants are an "instrumentality of the federal government" (Pl.'s Resp. 5), such that they can be rendered a federal agency subject to the Privacy Act.  The Court is not persuaded by Plaintiff's argument because the purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994); *see also Sutton v. Utah State Sch. for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (stating that the court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").  Plaintiff states in his complaint that the New Mexico State Police Department is a "state government agency for the state of New Mexico." (Pl.'s Compl. 1-2)  Beyond this statement, Plaintiff offers no additional facts or allegations in his complaint

suggesting otherwise.  Thus, on the face of the complaint, Plaintiff has not alleged any facts that "raise a reasonable expectation that discovery will reveal evidence" indicating that Defendants are acting as an agency within the meaning of the Privacy Act.  *See Bell Atlantic Corp.*, 550 U.S. at 556.  The Court thus rejects Plaintiff's argument that the motion to dismiss should be denied at this juncture in order to allow for discovery.  *See id.* at 558 (stating that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court") (internal quotation marks and alterations omitted).  The Court concludes Plaintiff cannot state a claim for relief against the New Mexico State Police Department under the Privacy Act.

In addition, the Tenth Circuit has held that the Privacy Act does not apply to individuals or to employees of an agency. *Parks v. United States Internal Revenue Serv.*, 618 F.2d 677, 684 (10th Cir. 1980) (holding that two individual defendants named in a Privacy Act lawsuit were properly dismissed because the Privacy Act "authorizes a suit against an agency only" and an agency, as defined by the Act, "excludes individual officers or employees").  As a result, Plaintiff's Privacy Act claims against Defendants Robles and Orlando also must be dismissed.

## IV.   CONCLUSION

Because Plaintiff has failed to state a claim for relief under the Privacy Act against Defendants, Plaintiff's complaint is dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE